IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHERON M. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 07-277-CV-W-DW-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Cheron M. Crawford seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and for supplemental security income (SSI) benefits. Judicial review is now appropriate. See 42 U.S.C. §1383(c)(3).

The complete facts and arguments are presented in parties' briefs, and consequently will be duplicated herein only to the extent necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

**Standard of Review**

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (8th Cir. 1999). The Court also considers whatever in the record fairly

detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

**ALJ's Treatment of the Opinions of Petitioner's Treating Physicians**

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001). The ALJ here did not give controlling weight to Plaintiff's treating physicians since he found, after a thorough review, that their conclusions were inconsistent with the record. Tr. 18-20. In the end, the ALJ found Dr. Winkler's testimony to be more credible and thus permissibly gave it controlling weight.

**ALJ's Findings Regarding Plaintiff's Credibility**

The ALJ noted that Plaintiff's prior work record did not support her credibility. Despite Plaintiff's statements otherwise, an ALJ may consider such information in making a credibility determination. Pearsall, 274 F.3d 1218 ("A lack of work history may indicate a lack of motivation to work rather than a lack of ability.").

**The ALJ's Finding Regarding Petitioner's Ability to Perform Past Relevant Work**

Petitioner argues that the ALJ improperly failed to consider, and thus failed to present to the VE a proper hypothetical, how the numbness in her hands would impact her duties as a receptionist, how the need to take naps would affect her ability to work or how her bipolar disorder would affect her ability to deal with the public and co-workers. Petitioner also argues that the ALJ failed consider how the combined effects of her impairments and her multiple medications would affect her Residual Functional Capacity ("RFC"). The ALJ's determination and the hypothetical question to the VE need only contain those limitations and impairments the ALJ found credible and supported by the evidence. Pertuis v. Apfel, 152 F.3d 1006, 1007 (8th Cir. Ark. 1998). Since the ALJ's limitations were all supported by substantial evidence and those listed above were found not credible, the ALJ's findings on those grounds are supported by the evidence. Id.

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.

Date:   May 2, 2008                                           /s/ Dean Whipple
                                                              Dean Whipple
                                                              United States District Judge